IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THE DAHL FAMILY REVOCABLE
TRUST, dated September 27, 2019

        Plaintiff,

v.                                                                                                              Case No. 23-cv-552-jdp

JAMES DEBRIYN

JOHN GROSSI

REAL ESTATE CONSULTANTS OF HAYWARD, INC.

MARK D. AVERY

ELLEN R. HERITAGE

MARK DOUGLAS AVERY AND
ELLEN RASE HERITAGE REVOCABLE
LIVING TRUST dated July 18, 2011

        Defendants.

---

## AMENDED COMPLAINT

---

NOW COMES Plaintiff, the Dahl Family Revocable Trust dated September 27, 2019, by its attorneys, and as and for their complaint against the Defendants, alleges and shows to the Court, as follows:

### IDENTIFICATION OF PARTIES

1. Plaintiff Dahl Family Revocable Trust dated September 27, 2019 ("Plaintiff") a trust organized under the laws of the State of Wisconsin.

2. Defendant James DeBriyn ("DeBriyn") is an adult resident of the State of Arizona residing at 2955 E. Hermosa Vista Drive in Mesa, Arizona.

1

3. Defendant John Grossi ("Grossi") is an adult resident of the State of Wisconsin with a business address of 10339 S. Michigan Ave., Hayward, WI 54843.

4. Upon information and belief, Grossi is a licensed Real Estate Broker associated with the Firm of Real Estate Consultants of Hayward, Inc.

5. Defendant Real Estate Consultants of Hayward, Inc. (the "Firm") is licensed Real Estate Business Entity and a corporation organized under the laws of the state of Wisconsin. For purposes of service of process, the Firm's Registered Agent is Gregory J. Grossi, whose address is 12841N Balsam Road, Hayward, Wisconsin.

6. Defendants Mark D. Avery and Ellen R. Heritage ("Avery") are, upon information and belief, adult residents of the State of Florida residing at 3824 Malec Circle in Sarasota, Florida.

7. Defendant the Mark Douglas Avery and Ellen Rase Heritage Revocable Living Trust dated July 18, 2011 ("Avery Trust") is, upon information and belief, a trust organized under the laws of the State of Florida.

## PROCEDURAL HISTORY

8. This action is brought pursuant to Wisconsin Statute §806.04, §844.01, §895.043, and §100.18

9. The Court has lacks jurisdiction over Plaintiff's state law claims and there is not complete diversity of jurisdiction to endow the Court with original jurisdiction pursuant to 28 U.S.C. § 1332.

## CLAIM

10. Plaintiff is the owner of the following parcel of real estate located in the Town of Cable, Bayfield County, State of Wisconsin (hereinafter "Dahl Property"):

*A parcel of land located in the Northeast Quarter of the Northeast Quarter (NE ¼ NE ¼) of Section One (1), Township Forty-three (43) North, Range Eight (8) West, Town of Cable, Bayfield County, Wisconsin, more particularly described as:*

*Beginning at the Northwest corner of said NE ¼ of the NE ¼; thence South 89° 47' 30" East along the North line of the Section, 944.15 feet to a point 4 feet, more or less, from the water's edge of Rosa Lake; thence South 40° 14' 31" West along a meander line, 291.68 feet; thence South 1° 44' 30" West along a meander line, 233.54 feet to a point 20 feet, more or less, from the water's edge of Rosa Lake; thence North 89° 47' 30" West parallel with the North line of the section, 746.01 feet to the West line of said NE ¼ of the NE ¼; thence 0° 19' 37" West along said West line, 456.80 feet to the Point of*

2

*Beginning. Including all lands lying between the above-described meander line and the water's edge of Ross Lake; EXCEPT lands lying beneath the water of Little Ross Lake.*

*Parcel Identification number: 04-012-2-43-08-01-1 01-000-10000.*

11. In addition to the real property described above (the "Dahl Property") the Plaintiff was also granted an easement for ingress and egress (hereinafter the "Easement") as follows:

    *Commencing at the C 1/16 Northeast corner of said Section 1; thence North 0° 19' 37" West, 136.09 feet to point "A" and the Point of Beginning; thence continuing North 0° 19' 37" West, 660.04 feet to the Southwest corner of the Gosnell property; thence returning to point "A" and bearing South 69° 39' East, 101.57 feet; thence North 44° 19' East 248.11 feet; thence North 50° 06' East, 130.41 feet to point "B"; thence North 9° 10' East, 286.05 feet; thence North 28° 53' 30" East, 171.20 feet to a point on the South line of the Gosnell property; thence returning to point "B" and bearing South 9° 10' West, 235.91 feet; thence South 79° 13' East, 349.76 feet; thence North 73° 49' East, 191.70 feet; thence South 44° 37" East, 118.20 feet; thence North 86° 00' East, 132.90 feet; thence North 62° 30' East, 170.45 feet; thence South 26° 57' East, 160.65 feet; thence South 64° 23' East, 294.10 feet; thence South 36° 31' East, 274.16 feet to the centerline of the East Cable Lake Road.*

12. DeBriyn is the owner of the following two parcels of real estate located in the Town of Cable, Bayfield County, State of Wisconsin (hereinafter, collectively "DeBriyn Property"):

    Parcel 1: The Northeast Quarter of the Northeast Quarter, Section One (1), Township Forty-three (43) North, Range Eight (8) West LESS a parcel of land and easement described in Volume 517 of Records, Page 98-99 recorded in the Register of Deeds, Bayfield County, Wisconsin, document no 388035,

    Parcel Identification Number: 04-012-2-43-08-01-1 01-000-20000

    Parcel 2: The Southwest Quarter of the Northwest Quarter, Section Six (6), Township Forty-three (43) North, Range Seven (7) West,

    Parcel Identification Number: 04-012-2-43-07-06-2 03-000-10000

13. The Easement benefits the Dahl Property and runs over and across the DeBriyn Property.

14. The Plaintiff obtained its interest in the Dahl Property and the Easement by virtue of a warranty deed issued to them by the Avery Trust on May 28, 2021.

15. On January 27, 2001, a Plat of Survey was completed by Apex Surveying and has been filed in the Bayfield County land records office for over 20 years.

3

16. The 2001 Apex Plat of Survey reflects the Easement.

17. The 2001 Apex Plat of Survey contains a dotted line depicting a 33' Easement.

18. The 2001 Apex Plat of Survey indicated the 33' Easement is "for ingress-egress as occupied & traveled."

19. In November of 2021, counsel on behalf of the Dahls sent a letter to Defendant indicating that "the Dahls intend to improve the road of the easement to comply with the Town of Cable ordinance concerning private roads."

20. The November 2021 letter included a copy of the then-current Town of Cable Ordinance and notice that counsel for Dahls believed the road would need to have 22 feet of drivable surface and a 40-foot-wide clearance to comply with the Town ordinance.

21. The November 2021 letter simply requested DeBriyn's cooperation to improve the easement so as to create a code-compliant driveway.

22. The Defendant responded to the letter sent by Dahl's counsel via a December 6, 2021 letter in which DeBriyn states his opinion that widening the road is not "legally permissible" and states that "if the Dahls (or their agents) violate my property rights, I will pursue any and all legal remedies available to me."

23. The Town of Cable ordinances (specifically Ordinance 26A- Amended 2023) requires the following:

    a. Section 4.a. requires that primary means of vehicular ingress and egress as to one parcel shall be a private driveway
    b. Section 4.b. requires that primary means of vehicular ingress and egress to two or more parcels shall be a private road
    c. Section 4.c. requires that no person shall improve a lot or parcel of land to make an improved parcel unless the land is served by a private driveway or road which complies with the requirements of the town ordinance.
    d. Section 5.a. requires that private driveways and private roads have a minimum travel surface width of 12 feet for private driveways and 22 feet for private roads
    e. Section 5.b. requires a minimum width clearance of 24 feet for private driveways and 50 feet for private roads.
    f. Section 5.c. requires a minimum height clearance of 14 feet for private driveways and 18 feet for private roads
    g. Section 5.f. requires that, for private driveways over 300 feet in length, there will be wider segments at least every 150 feet to allow safe passage of motor vehicles, which shall be at least 25 feet in length and 18 feet in width.

      h. Section 5.g. requires a minimum of 6 inches of gravel covering an appropriate base material for private driveways and 10 inches of gravel for private roads.

24. The Dahl Property presently does not have a structure located upon it.

25. The Easement exceeds 300 feet in length.

26. A portion of the Easement serves both the Dahl Property and the DeBriyn property, but the majority of the Easement continues past the driveway leading to the structure on the DeBriyn property and onto the Dahl Property.

27. Plaintiff intends to build a residential structure on the Dahl Property.

28. The Plaintiff is nowhere prohibited from building a residential structure and would intend to use its easement to access the Dahl Property.

29. The Plaintiff also desires to improve the Easement to ensure safe passage of vehicles, including vehicles that may be passing along the Easement coming to and from the Dahl Property, and to ensure that emergency vehicles have safe passage, in addition to other vehicles such as septic trucks, utility company vehicles, etc.

30. DeBriyn has indicated, both through the December 6, 2021 letter and verbally to Dahl's counsel, that he will oppose and may take legal action against the Dahls if they take any action to create a driveway that is 12 or 22 feet wide.

31. By threatening legal action, DeBriyn has interfered with the Dahl's easement rights and necessitated the filing of this declaratory action.

32. By threatening legal action, DeBriyn has prevented the Dahls from enjoying peaceful use of the Dahl Property.

33. Prior to purchasing the Dahl Property, Plaintiff sought and obtained a title commitment policy from Gowey Title and Abstract Company, Inc. ("Gowey").

34. The title commitment contained a copy of the 2001 Apex Plat of Survey, depicting that the Easement was 33' wide.

35. Nothing in the title commitment issued by Gowey revealed or suggested that the Easement would not allow for access to a residential structure on the Dahl Property.

36. Upon information and belief, DeBriyn advised Grossi prior to the sale of the Dahl Property to Plaintiff that DeBriyn takes the position that the Easement cannot be improved in any way that is wider than what DeBriyn believes the width is currently.

5

37. Upon information and belief, DeBriyn advised Grossi prior to the sale of the Dahl Property to Plaintiff that a new owner may have difficulty using the Dahl Property for residential purposes because DeBriyn takes the position that the Easement has a relatively small width.

38. Upon information and belief, the information about DeBriyn's position that he will object to any improvement of the Easement beyond what he believes to be the width, was shared with Avery and the Avery Trust.

39. The fact that the DeBriyn was taking the position that the Easement may not allow for the construction of a residential structure on the Dahl Property is a materially adverse fact or, in the least, information suggesting a material adverse fact.

40. Pursuant to REEB 24.07(2), (3), Grossi was required to disclose the Easement dispute as a materially adverse fact or the information suggesting a material adverse fact.

41. Grossi did not inform Plaintiff that DeBriyn intended to oppose any improvement of the Easement that went beyond what DeBriyn believes to be the width of the Easement.

42. Pursuant to Wis. Stats. § 452.12(3), The Firm is responsible for Grossi's actions, including but not limited to violations of the rules promulgated under REEB Chapter 24.

43. Avery and the Avery Trust did not inform Plaintiff that DeBriyn intended to oppose any improvement of the Easement that went beyond what DeBriyn believes to be the width of the Easement.

## AS AND FOR A FIRST CAUSE OF ACTION

### Declaratory Judgment

### Wisconsin Statute §806.04

44. Plaintiff repeats and realleges the preceding paragraphs as if set forth herein.

45. The Easement is defined in terms of location in the document creating it, but does not contain a specific width.

46. The easement is for ingress and egress to the Dahl Property.

47. A reasonably convenient and suitable way is presumed to be intended when an easement is created.

48. The court has the inherent power to affirmatively and specifically determine the width of the Easement.

49. The Plaintiffs seek a declaration from the court that the easement is 33 feet in width as evidenced by the 2001 Apex Survey.

50. In the alternative, the Plaintiffs seek a declaration from the court that the easement is of a width necessary to accomplish ingress and egress to the Dahl Property for use as a residential parcel, which includes a width sufficient to ensure safe access for emergency vehicles and passage of vehicles on the road.

## AS AND FOR A SECOND CAUSE OF ACTION

### Interference with Interest

### Wisconsin Statute §804.01

51. Plaintiff repeats and realleges the preceding paragraphs as if set forth herein.

52. DeBriyn, by threatening legal action if the Plaintiff improves the Easement in order to access the Dahl Property for residential purposes, has prevented Plaintiffs from proceeding with improving the Dahl Property or making reasonable use of their easement.

53. Plaintiff has suffered damages by virtue of DeBriyn's interference with their property interest in that the Plaintiff has been unable to use the Easement for ingress and egress to a residence.

## AS AND FOR A THIRD CAUSE OF ACTION

### Punitive Damages

### Wisconsin Statute §895.043

54. Plaintiff repeats and realleges the preceding paragraphs as if set forth herein.

55. DeBriyn's conduct, by threatening legal action if the Plaintiff improves the Easement to actually achieve ingress and egress to a residence on the Dahl Property, was either malicious or in wanton, willful or reckless disregard of the rights of the Plaintiff.

56. Grossi's conduct, by failing to disclose to Plaintiff that DeBriyn objected to certain uses or improvements of the Easement, was either malicious or in wanton, willful or reckless disregard of the rights of the Plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Fraudulent Representation

### Wisconsin Statute §100.18

57. Plaintiff repeats and realleges the preceding paragraphs as if set forth herein.

58. Avery and Avery Trust made, disseminated, circulated or placed before the public or caused to be made, disseminated, circulated or placed before the public, a Vacant Land Disclosure Report.

59. The Vacant Land Disclosure Report specifically asks whether the seller is aware of "boundary or lot line disputes, encroachments, or encumbrances (including a joint driveway) affecting the property" to which Avery selected "No."

60. There clearly is a shared driveway and a dispute about the right to improve that driveway (i.e. the Easement) on the Dahl Property.

61. The Vacant Land Disclosure Report also asks if the owner is aware of any other defects or material conditions affecting the property, to which Avery selected "No."

62. There clearly is a material condition regarding whether a buyer would have an ongoing dispute with DeBriyn about the right to improve the Easement, as DeBriyn, upon information and belief, stated to Grossi.

63. Avery and/or Avery's agent, Grossi, misrepresented the Dahl Property in the Vacant Land Disclosure by failing to disclose an ongoing and known dispute about the usability of the Easement.

64. The Vacant Land Disclosure Report contained a representation or statement of fact which was untrue, deceptive or misleading.

65. Avery made this untrue, deceptive or misleading representation or statement of fact in the Seller Disclosure Reports with the intent to induce the Plaintiff or other potential purchasers to enter into a purchase agreement for the Dahl Property.

66. Avery's untrue, deceptive or misleading representation in the Seller Condition Reports did induce the Plaintiff to enter into a purchase agreement for the Dahl Property.

67. The Plaintiff has suffered or will suffer pecuniary loss because of the Defendant's untrue, deceptive or misleading representations; to wit, the Plaintiffs have to pay all costs associated with initiating a Declaratory Judgment action to address DeBriyn's allegations about the limits on improving the Easement and have not been able to improve their property until a determination is made by a court as to that matter.

68. Pursuant to Sec. 100.18(11)(b), Wis. Stats., the Plaintiff is entitled to its pecuniary loss, together with costs, including reasonable attorney fees.

**AS AND FOR A FIFTH CAUSE OF ACTION**

**Fraudulent Representation**

69. Plaintiff repeats and realleges the preceding paragraphs as if set forth herein.

70. When Avery made the representations in the Vacant Land Disclosure Report, Avery made those representations based upon their own personal knowledge, or circumstances which Avery necessarily ought to have known the truth or untruth of the statement.

71. When Grossi failed to inform Plaintiff that DeBriyn had indicated that DeBriyn believed the width of the easement was limited and the Easement could not be improved beyond his believed width, Grossi intentionally withheld information that created a representation by omission that the Easement would provide access necessary for Plaintiff to use the Dahl Property for Plaintiff's intended residential purpose, and this representation as based on Grossi's own personal knowledge or circumstances which Grossi necessarily ought to have known the truth or untruth of the statement.

72. Avery and Grossi had an economic interest in the sale of the Dahl Property and stood to make a financial gain if Plaintiff purchased that property.

73. Avery and Grossi may not have garnered a sale, or may have netted less in proceeds, had they disclosed that DeBriyn was asserting that there were limitations on the use of the Easement that could create a problem for a buyer who wanted to build on the Dahl Property.

74. The Plaintiff believed the representations to be true and relied thereon to plaintiff's damage.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Fraudulent Representation

75. Plaintiff repeats and realleges the preceding paragraphs as if set forth herein.

76. In making the representations in the Vacant Land Disclosure Report and to the Plaintiff when Plaintiff inquired about the Dahl Property, Grossi and Avery were negligent.

77. The Plaintiff believed these representations to be true and relied thereon to Plaintiff's damage.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT

78. Plaintiff repeats and realleges the preceding paragraphs as if set forth herein.

79. Avery and Grossi misled the Plaintiff and withheld information that was material to the purchase agreement for the Dahl Property.

80. Avery and Grossi failed to provide the Plaintiff with notice that DeBriyn was asserting that there were limitations on the use of the Easement that could create a problem for a buyer who wanted to build on the Dahl Property

81. Avery and Grossi's untrue and misleading statements, and failure to provide the Plaintiff with information Avery and/or Grossi clearly had that was material to the purchase agreement constitute a breach of Defendant's duty of good faith and fair dealing.

82. Due to Avery and Grossi's breach of their duty of good faith and fair dealing, the Plaintiff's property is, upon information and belief, diminished in value.

**WHEREFORE**, Plaintiff requests the following:

A. Remand of this case to the Circuit Court of Bayfield County for failure to meet the requirements for complete diversity

B. Judgment in favor of Plaintiff and against Defendants;

C. For a declaration that the Easement is 33' wide or, in the alternative, that it is of a width sufficient to allow Plaintiffs to build a residential structure on the Dahl Property and have ingress and egress across the easement to that residential structure or, in the alternative, for judgment against Grossi, the Firm and or Avery under causes of action number three through seven.

D. For monetary damages resulting from Defendant's interference with Plaintiffs' property rights as set forth above;

E. For punitive damages in an amount to be determined at trial;

F. For attorneys fees and costs

G. For such other and further relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Dated this 20th day of October, 2023

                        ANICH, WICKMAN & LINDSEY, S.C.

By: */s/ electronically signed by Max T. Lindsey*
    Max T. Lindsey, WI State Bar No. 1112865
    Attorney for Plaintiff
    220 Sixth Avenue West
    P.O. Box 677
    Ashland, WI 54806
    Phone: (715) 682-9114