IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY D. DAHL and KRISTIN L. DAHL, as co-trustees of the Dahl Family Revocable Trust, dated September 27, 2019,

                Plaintiff,

v.

JAMES DEBRIYN, JOHN GROSSI,
REAL CONSULTANTS OF HAYWARD, INC.,
MARK D. AVERY, ELLEN R. HERITAGE,
MARK DOUGLAS AVERY AND ELLEN RASE
HERITAGE REVOCABLE LIVING TRUST, dated
July 18, 2011,

                Defendants.

OPINION and ORDER

23-cv-552-jdp

---

    This case started as a dispute in state court between owners of adjoining land in Bayfield County, Wisconsin. Jeffrey D. Dahl and Kristin Dahl seek a declaration that the easement held by the Dahl Family Revocable Trust on James DeBriyn's property allows plaintiffs to widen a private road that runs along that property. DeBriyn removed the case to this court, contending that the court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is more than $75,000. The Dahls then amended their complaint to add new claims and new parties, some of whom are citizens of Wisconsin as plaintiffs are.

    Recognizing that the new claims raise jurisdictional problems, DeBriyn now moves to sever the new claims as improperly joined. Dkt. 9. DeBriyn contends both that the new claims do not meet federal joinder rules and that the court may deny joinder because it would destroy subject matter jurisdiction. The court concludes that joinder was proper under Federal Rule of

Civil Procedure 20 and that it would be more equitable to allow all claims to proceed in one case. As a result, the court will remand the case to state court.

BACKGROUND

In July 2023, this lawsuit was filed in Bayfield County Circuit Court. The plaintiff was identified as "The Dahl Family Revocable Trust, dated September 27, 2019 By Jeffrey D. Dahl and Kristin L. Dahl, Co-trustees," and James DeBriyn was the sole defendant. In the complaint, the Dahls alleged that they purchased real property in Cable, Wisconsin in 2021, and they were granted an easement that ran across adjoining property owned by DeBriyn. Dkt. 1-1, ¶¶ 1–11. The Dahls wished to build a residence on their property and a driveway on the easement. *Id.*, ¶¶ 20–21, 24. A road already ran along the easement, but it was not wide enough to serve as a driveway under a town ordinance. *Id.*, ¶¶ 12–13, 16. When the Dahls notified DeBriyn of their plans to widen the road, he objected and threatened to "pursue any and all legal remedies available" to stop them. *Id.*, ¶¶ 12–15. The Dahls sought a declaration that they had a right under the easement to widen the road, and they sought compensatory and punitive damages for DeBriyn's alleged interference with their property. *Id.*, ¶¶ 27–28.

After DeBriyn was served with the complaint, he removed the case to this court, identifying 28 U.S.C. § 1332 as the basis for jurisdiction. DeBriyn contended that both of § 1332's requirements were met: (1) the parties' citizenship was diverse because the Dahls are citizens of Wisconsin and DeBriyn is a citizen of Arizona, *see RTP LLC v. ORIX Real Estate Capital, Inc.,* 827 F.3d 689, 691–92 (7th Cir. 2016) (trust's citizenship is determined by citizenship of trustees); and (2) the amount in controversy is more than $75,000 because the Dahls' property value would be reduced at least $89,000 if they could not make the requested

2

improvements to the easement. Dkt. 1, ¶¶ 10–21. The Dahls did not challenge DeBriyn's jurisdictional allegations.

Approximately two months after removal, the Dahls filed an amended complaint on the deadline set in the preliminary pretrial conference order for amending the complaint without leave of court. *See* Dkt. 6 and Dkt. 20. The plaintiff on the amended complaint was listed as "The Dahl Family Revocable Trust, dated September 27, 2019." The same claims against DeBriyn were included in the amended complaint, but it also included new claims against new defendants. The new claims alleged that individuals and entities involved in the sale of the Dahls' property, including the seller and the real estate broker, made misrepresentations to the Dahls. Dkt. 20, ¶¶ 36–37, 57–82. Specifically, the Dahls alleged that the new defendants were aware that DeBriyn objected to any widening of the easement and failed to disclose that fact to the Dahls before the sale, despite also knowing that the Dahls planned to construct a driveway along the easement. *Id.*, ¶¶ 37–38, 41–43, 62, 71. The amended complaint asserted claims for fraudulent misrepresentation and breach of contract against the new defendants. *Id.*, ¶¶ 57–82.

Among the new defendants were John Grossi (the real estate broker) and Real Consultants of Hayward, Inc. (Grossi's company). Plaintiffs alleged that Grossi lives in Wisconsin and that Real Consultants is incorporated in Wisconsin. *Id.*, ¶¶ 3–5.

The amended complaint included the statement that the court "lacks jurisdiction over Plaintiff's state law claims and there is not complete diversity of jurisdiction to endow the Court with original jurisdiction pursuant to 28 U.S.C. § 1332." *Id.*, ¶ 9. Plaintiffs did not file a motion to remand, but a week after the amended complaint was filed, DeBriyn filed a motion

to preserve the court's jurisdiction by severing the claims added to the amended complaint. Dkt. 9.

After the parties completed briefing on DeBriyn's motion to sever, the court received a second amended complaint. Dkt. 14. No motion for leave to amend was filed, and no explanation was given about why the complaint was filed or what changes were made. But there appears to be only three meaningful differences between the first and second amended complaints. First, the second amended complaint substitutes Jeffrey Dahl and Kristin Dahl for the trust as plaintiffs, presumably because a trust doesn't have the capacity to sue; claims on behalf of the trust must be brought by the trustees. *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018). Second, the second amended complaint removes a claim for punitive damages. Third, the Dahls add a negligent misrepresentation claim.

The Dahls should have moved for leave to amend before filing a second amended complaint. But the changes in the new complaint do not affect DeBriyn's motion to sever, and DeBriyn has already filed an answer to the new complaint. So the court will accept the second amended complaint as the operative pleading. The court has amended the caption to reflect that the Dahls are the proper plaintiffs.

ANALYSIS

DeBriyn asserts two arguments in his motion to sever. First, he says that the Dahls' claims against him cannot be joined with the claims against the other defendants under Federal Rule of Civil Procedure 20. Second, he says that the court should exercise its discretion under 28 U.S.C. § 1447(e) to deny joinder because the new defendants destroy diversity jurisdiction under 28 U.S.C. § 1332. The court will address each issue in turn.

A. Rule 20

A plaintiff may join multiple defendants in the same lawsuit if two conditions are satisfied: (1) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). The Rule 20 analysis is not based on a bright-line test, but instead relies on "common sense, fact-based considerations." 4 *Moore's Federal Practice* § 20.02[1][a] (3d ed. 2023).  Courts are to keep in mind the purposes of joinder rules, which are to promote judicial economy and fairness. *Id.*

In this case, the Dahls are challenging DeBriyn's opposition to their construction plans, and they are challenging the new defendants' alleged misrepresentations to them before the sale of the property. So the Dahls' claims against DeBriyn do not arise out of the same individual transaction or occurrence as their claims against the new defendants. But both sets of claims do arise out of the same *series* of transactions or occurrences. Both sets of claims relate to the Dahls' purchase of the property and their plans to construct a driveway on the easement. There is a logical relationship between the two sets of claims. *See Leon v. Grade A Construction Inc.*, No. 16-cv-348-jdp, 2016 WL 6956666, at *2 (W.D. Wis. Nov. 28, 2016) (question under Rule 20's first condition is whether there is a "logical relationship" between the claims).

As for common questions of law or fact, the Dahls say that both sets of claims could turn on the "width and permissible use of the [e]asement in question." Dkt. 12, at 3. That is an overstatement. The complaint alleges that the new defendants misrepresented the property because they knew that DeBriyn objected to any widening of the easement, and they failed to disclose that fact to the Dahls. In other words, the Dahls are suing plaintiffs for failing to

5

disclose that the scope of the easement was disputed. The Dahls can win or lose that claim regardless of whether DeBriyn or the Dahls are correct about whether the road can be widened.

But the scope of the easement will affect the Dahls' potential *damages* against the new defendants. If the easement gives the Dahls the right to construct a driveway that complies with municipal regulations, the Dahls' potential damages against the new defendants would likely be significantly lower than if the easement does not give the Dahls such a right. In that case, the permissible uses of the Dahls' property would be limited, thus reducing the property's value (as DeBriyn alleged in his notice of removal).

This overlap is enough to satisfy Rule 20. If this court were to sever the two sets of claims, it is likely that the claims against the new defendants would have to be stayed pending a resolution of the Dahls' claims against DeBriyn because the parties could not determine damages for any misrepresentations until the Dahls' rights under the easement are determined. Alternatively, there could be two courts deciding the scope of the easement at the same time, creating the potential for inconsistent decisions. It is also possible that the new defendants would wish to intervene in the case against DeBriyn because they would have a legal interest in determining what the scope of the easement is.

In sum, it is more efficient to try the two sets of claims together, and doing so allows all parties to protect their legal interests. The court concludes that joinder is appropriate.

## B.  Section 1447(e)

In removing this case, DeBriyn relied solely on 28 U.S.C. § 1332 as a basis for jurisdiction, alleging that the Dahls are citizens of Wisconsin, and he is a citizen of Arizona. Dkt. 1, ¶¶ 11–12. But the Dahls allege in their amended complaint that Real Estate Consultants is incorporated in Wisconsin, Dkt. 14, ¶ 5, which means it is also a citizen of Wisconsin, 28

U.S.C. § 1332(c)(1).[1] DeBriyn does not challenge that allegation. Section 1332 requires complete diversity, so if any of the defendants are a citizen of the same state as any of the plaintiffs, the court cannot exercise jurisdiction under § 1332. *Page v. Democratic National Committee*, 2 F.4th 630, 636 (7th Cir. 2021). This means that the court will lose jurisdiction if it allows the Dahls to proceed on the claims in the amended complaint.

DeBriyn asks the court to deny joinder under 28 U.S.C. § 1447(e). That provision states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Four factors guide the court in making this discretionary determination: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

The court concludes that most of these factors weigh in the Dahls' favor. As for the Dahls' motive, the Dahls say that they are concerned that they will be left without a remedy if the court determines that they may not widen the road on their easement. That is a legitimate concern. It is difficult to assess a party's true motives in bringing new claims, so the primary evidence courts look at is the merits of the new claims. The court of appeals has framed the

---

[1] The Dahls also allege that Grossi resides in Wisconsin. Dkt. 14, ¶ 3. Residence alone is generally not enough to establish citizenship, which is based on the party's domicile, or where the party intends to live for the foreseeable future. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). It is reasonable to infer from the allegations in the complaint that Grossi has lived in Wisconsin since 2021, so it is also reasonable to infer that he intends to remain in Wisconsin and is therefore a Wisconsin citizen.

question as whether the new claims have "any reasonable possibility" of succeeding. *Id.* at 764. In this case, the Dahls allege that both the broker and the seller knew both that the Dahls wanted to widen the road on the easement and that DeBriyn would likely object to that plan, but they failed to inform the Dahls about the issue. DeBriyn doesn't challenge the sufficiency of those allegations or otherwise call into question the merits of the Dahls' misrepresentation and contract claims. Instead, he says that the Dahls should have raised those claims earlier. But that issue goes to the second factor, which the court will consider next. The court is not persuaded that the Dahls added the claims simply to defeat federal jurisdiction.

As for timing, the Dahls do not have a good excuse for failing to include their misrepresentation and contract claims in their original complaint. For example, they do not say that they recently discovered new information supporting those claims. "[A]n extensive delay between removal and a motion to amend typically weighs against permitting joinder." *Id.* at 767. But the delay in this case was not extensive. The Dahls filed their amended complaint early in the case, within the deadline set by the court for amending without leave. DeBriyn identifies no unfair prejudice that he will suffer if the court permits joinder. So this factor is neutral or at most weighs slightly in favor of denying joinder.

As for potential prejudice to the Dahls if joinder is denied, the court discussed this issue in its discussion about Rule 20. If the claims are severed, the Dahls could still proceed with misrepresentation and contract claims against the other defendants. But the Dahls would have to litigate two cases that are both about the same harm (the inability to use their property as a residence), and they could not determine their damages for any misrepresentation until the scope of the easement is determined. This relates to other equitable considerations that the court has already discussed, including the possibility for inconsistent decisions and potential

8

prejudice to the other defendants, who have a legal interest in determining the scope of the easement.

Based on all of these factors, the court concludes that it is in the interests of justice to allow all of the Dahls' claims to proceed in the same case. Because that destroys diversity jurisdiction, the court will exercise its discretion under § 1447(e) and remand the case to state court.

ORDER

IT IS ORDERED that defendant James DeBriyn's motion to sever, Dkt. 9, is DENIED, and this case is REMANDED to state court under 28 U.S.C. § 1447(e).

Entered February 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge